The judgment of the court (King, J. absent) was pronounced by
Rost, J.
The plaintiff alleges, that she was seduced by the defendant under a promise of marriage, and had by him a daughter, which she is unable to support. She tenders proof of the paternity of the defendant, and prays that he be decreed to allow such alimony for the rearing and support of said child as her age and his pecuniaiy circumstances may justify. The answer is simply a general denial.
*253 The evidence having satisfied the district judge that the defendant was the father of the plaintiff’s child, and that he was in good circumstances,.he allowed alimony at the rate of ten dollars per month from the judicial demand. The defendant appealed.
The exceptions taken to the action, in the brief of the defendant’s counsel, are made for the first time in this court, .and cannot be noticed. The defendant has waived them by his answer.
It is proved by witnesses, whose testimony is not impeached, that 'the defendant habitually acknowledged the child as his own, and called her so in conversation. His answer, when examined in open court, on the fact of paternity, that he did not know whether the child was his, eannot do away the effect of that evidence, under article 227 C. C. It is true that the girl was baptised as the child of one John Somers ; but this occurred three days after the birth, out of the presence of the mother, and, there is strong reasons to believe, without her knowledge. The existence of John Somers is not shown, and the certificate of baptism was in the possession of the defendant.
The appellant assigns, as an error, that the time during which the alimony is allowed is not mentioned in the judgment. This is as it should be. The time during which it is to be paid is fixed by law. C. C. 260.
Judgment affirmed, with costs.